UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONNY ROJAS DURATE,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX FACILITY, et al.,

Respondents.

No. 1:26-cv-04175-DJC-CSK

ORDER

Petitioner Jonny Rojas Durate, who is presently in the custody of Immigration and Customs Enforcement, brings a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and Motion for Temporary Restraining Order (Mot. TRO (ECF No. 2)). Previously, this Court ordered Respondents to provide Petitioner with a constitutionally adequate bond hearing where the Government was to bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. (Prior Order (*Rojas-Durate v. Warden,* 1:26-cv-03101-DJC-CSK (ECF No. 10) at 2).) Petitioner was subsequently provided a bond hearing on May 11, 2026. (Mot. Dismiss (ECF No. 11) at 2 (citing IJ Decision (ECF No. 11, Ex. A).) There, the Immigration Judge denied bond. (IJ Decision at 1.) The written decision included a

one-word explanation: "danger". (*Id.*) Petitioner filed the instant Petition and Motion for Temporary Restraining Order. Respondents filed a Motion to Dismiss, which Petitioner opposes (Opp'n (ECF No. 16).)

**LEGAL STANDARD**

The Court has jurisdiction to enforce its own orders. *See Sub-Zero, Inv. v. Wasserman*, No. 2:18-cv-00428-JFW-MAR, 2025 WL 1111551, at *3 (C.D. Cal. Mar. 27, 2025); *see also Agtuca v. Reed*, No. 86-cv-00331-RHW, 2006 WL 2009050, at *2 (E.D. Wash. July 17, 2006). Petitioner argues that the Court ordered a constitutionally adequate bond hearing with the burden on the Government to prove dangerousness or risk of flight by clear and convincing evidence, but that the hearing failed to comply with that Order. Given the nature of this argument, Petitioner's motion is simultaneously based on the adequacy of the hearing that was provided. Thus, the Court's analysis here is grounded in the legal standard for reviewing IJ detention determinations.

When reviewing an IJ's detention determination, the Court reviews mixed questions of fact and law under an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). Under this standard, the Court "cannot reweigh evidence" but instead determines whether the Immigration Court "applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). Thus, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020).

**DISCUSSION**

The Court finds that Petitioner has sufficiently demonstrated that the Immigration Judge's denial of bond based on a finding of dangerousness was an abuse of discretion. First, the Immigration Judge's did not identify the basis for the dangerousness finding. Both the written decision and the audio recording are limited to the conclusion that Petitioner is a danger. (*See* IJ Decision at 1; (Audio Recording

(ECF No. 20).) The written decision states that Petitioner is a "danger", (IJ Decision at 1), and at the bond hearing the Immigration Judge stated, "sir, the Court is going to deny bond. The Court is going to find that you are a danger," (*see* Audio Recording). She then explained Petitioner's right to appeal the decision. (*Id.*)

The Ninth Circuit has explained that, in the context of motion to reopen, "the BIA abuses its discretion when it fails to 'consider and address in its entirety the evidence submitted by a petitioner' and to 'issue a decision that fully explains [its reasoning.]'" *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (quoting *Mohammed v. Gonzales*, 400 F.3d 785, 792–93 (9th Cir. 2005)). "In this same vein, many district courts have recently concluded that an immigration judge abuses [her] discretion when [she denies] release on bond without any explanation of [her] reasoning in doing so." *Singh v. Warden, Golden State Annex Det. Facility,* No. 1:26-cv-01973-DAD-CSK, 2026 WL 1328588, at *6 (E.D. Cal. May 13, 2026) (collecting cases). Moreover, this Court has previously found an abuse of discretion where the Immigration Judge did not identify the basis for a flight risk determination. *See Kumar v. Noem,* No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026). The Court also notes that while the Immigration Judge referenced the Court's Prior Order placing the "clear and convincing" burden on the Government when identifying the exhibits in evidence, there was no other indication that such burden was actually applied during the hearing. These actions constitute an abuse of discretion.

The Court also rejects Respondents argument that dismissal is warranted because the Petition is successive and improper and because Petitioner failed to exhaust administrative remedies. Neither poses a bar here. First, Petitioner raises issues related to the bond hearing that occurred after the initial Petition was filed. Second, exhaustion of administrative remedies is not warranted here because Respondents failed to comply with this Court's Prior Order. *See Kumar*, 2026 WL 983129, at *3.

As such, Petitioner is entitled to a new bond hearing.

## CONCLUSION

Accordingly, the Court GRANTS the Petition (ECF No. 1) and DENIES Respondents' Motion to Dismiss (ECF No. 11). Within 14 (fourteen) days of this Order, Respondents shall afford Petitioner Jonny Rojas-Durate a constitutionally adequate bond hearing before an Immigration Judge. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present. If Petitioner is not provided with a constitutionally adequate bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

IT IS SO ORDERED.

Dated: **August 11, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – DURATE26cv04175.mte_v1