UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONNY ROJAS DUARTE (A-208-310-437),

Petitioner,

v.

WARDEN of the Golden State Annex Detention Facility, et al.,

Respondents.

No. 1:26-cv-4175 DJC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Jonny Rojas Duarte (A-208-310-437), a native and citizen of Mexico, through counsel, has filed a motion to enforce the district court's prior order granting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and requiring respondents to provide a constitutionally adequate bond hearing.[1] The district court has granted two habeas petitions for this petitioner and ordered two prior bond hearings before an immigration judge.[2] At the most recent bond hearing on August 19, 2026, the immigration judge denied bond, concluding that petitioner was a danger to the community and flight risk. Petitioner challenges the second bond hearing as constitutionally inadequate and failing to comply with this district court's August 11,

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

[2] See also Rojas-Duarte v. Warden ("Rojas-Duarte I"), No. 1:26-cv-3101 DJC CSK (ECF No. 10) (related to the present case on June 10, 2026 at ECF No. 12).

2026 order. For the reasons that follow, the Court recommends denying the motion to enforce.

## I. FACTUAL BACKGROUND

Petitioner is a 22-year old citizen and native of Mexico. (ECF No. 11 at 14). On July 24, 2015, petitioner presented himself as a minor at a port of entry to the United States, was initially detained by Customs and Border Protection in the United States, and released that same day on his own recognizance. (Id. at 16). On April 1, 2026, ICE subsequently re-detained petitioner without a pre-deprivation hearing or pre-deprivation notice of the basis for detention, and he has remained detained since this date. (ECF No. 1). Petitioner's criminal record consists of two arrests and charges. (ECF No. 22-1 at 35-36). An FBI RAP sheet produced by the government for the August 11, 2026 bond hearing shows an arrest and charge in 2024 for a misdemeanor under California Penal Code § 243(e)(1) for domestic battery. (Id.). The 2026 arrest and charge is for a misdemeanor under California Penal Code § 3.4(e)(1) for sexual battery. (Id.) Petitioner disputes the reliability of the FBI RAP sheet and disputes that he has a second arrest or charge for sexual battery. (ECF No. 22 at 6). There is no evidence or argument that petitioner has ever been convicted of a crime. (ECF No. 22-1 at 33-36; ECF No. 25; see also Rojas-Duarte I, ECF No. 8-1 at 4).

## II. PROCEDURAL BACKGROUND

On April 23, 2026, petitioner filed his first petition for writ of habeas corpus. (Rojas-Duarte I, ECF No. 1.) On April 28, 2026, the district court granted the petition because respondents violated due process by revoking petitioner's prior release and ordered a constitutionally adequate bond hearing at which the government was required to bear the burden of establishing, by clear and convincing evidence, that petitioner posed a danger to the community or flight risk, and provided for additional procedural safeguards. (Rojas-Duarte I, ECF No. 10). An immigration judge denied bond on May 11, 2026. (Rojas-Duarte I, ECF No. 12).

On June 1, 2026, petitioner filed the instant petition for habeas corpus and injunctive relief challenging the legality of his detention. (ECF Nos. 1, 2). (ECF No. 8). Following the appointment of counsel and additional filings, on August 11, 2026, the district court granted the

petition, concluding the immigration judge's May 11, 2026 bond denial was an abuse of discretion. (ECF No. 21). The district court again ordered respondents to provide a constitutionally adequate bond hearing at which the government was required to bear the burden of establishing, by clear and convincing evidence, that petitioner posed a danger to the community or flight risk. (ECF No. 21; see also ECF Nos. 8, 11, 16, 20). The district court's order also specified: "If Petitioner is not provided with a constitutionally adequate bond hearing [within 14 days of this Order], Respondents are ordered to immediately release Petitioner from their custody." (ECF No. 11 at 4).

An immigration judge held a bond hearing within the required timeframe on August 19, 2026, but denied bond, concluding that petitioner was a danger to the community and a flight risk. (ECF No. 22-1 at 2-5). Petitioner's September 4, 2026 motion to enforce and request for injunctive relief contends that the bond hearing was not constitutionally adequate and failed to comply with the district court's August 11, 2026 order. (ECF No. 22). On September 11, 2026, respondents timely filed their opposition, and on September 14, 2026, petitioner timely filed a reply. (ECF Nos. 25, 27). Briefing is now complete.

## III. LEGAL STANDARDS

The court has jurisdiction to enforce its own orders. See Sub-Zero, Inv. v. Wasserman, No. 2:18-cv-00428-JFW-MAR, 2025 WL 1111551, at *3 (C.D. Cal. March 27, 2025); see also Agtuca v. Reed, No. 86-cv-00331-RHW, 2006 WL 2009050, at *2 (E.D. Wash. July 17, 2006). The constitutionality of an immigration judge's bond determination presents mixed questions of fact and law, and the appropriate standard of review is "abuse of discretion." Martinez v. Clark, 124 F.4th 775, 783–84 (9th Cir. 2024).[3] Under an abuse of discretion standard, the Court does not reweigh evidence but instead considers whether the immigration judge "applied the correct legal standard." Id. (quoting Konou v. Holder, 750 F.3d 1120, 1127 (9th Cir. 2014)). In other

[3] Petitioner argues that review should be conducted under an abuse of discretion standard. (ECF No 22. At 5). Respondent concedes that the court "should review the IJ's determinations of dangerousness and risk of flight merely for abuse of discretion." (ECF No. 25 at 2). Although respondents contend that petitioner is "implicitly inviting" *de novo* review, petitioner has not made such argument. (Id. at 2).

words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. Instead, its review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, No. 20-CV-08118, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (quoting Hilario Pankim v. Barr, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017). When an immigration judge's decision is "arbitrary, irrational, or contrary to law," it is an abuse of discretion. Bonilla v. Lynch, 840 F.3d 575, 581 (9th Cir. 2016) (quoting Avagyan v. Holder, 646 F.3d 672, 678 (9th Cir. 2011)).

## IV. DISCUSSION

Petitioner challenges several aspects of the immigration judge's bond hearing and determination, focused primarily on the immigration judge's application of the burden of proof arguing that the hearing shifted the material evidentiary burden to petitioner. (ECF No. 22 at 5). Respondents argue that the immigration judge's decision correctly required the government to bear the burden of proof and the clear and convincing standard. (ECF No. 25).

The Ninth Circuit has explained that if the immigration court "expressly cited and applied the relevant case law in rendering its decision," the court accepts that it "applied the correct legal standard" unless there is an indication of "any red flags." Martinez, 124 F.4th at 785 (citation modified); see Mendez-Castro v. Mukasey, 552 F.3d 975, 980 (9th Cir. 2009). Here, the immigration judge cites to the correct standard. (ECF No. 22-1 at 2-5). The immigration judge also noted during the hearing that government bore the burden, the government submitted documents, and the immigration had the government present its argument first. (See ECF No. 22-1 at 20). In determining whether the immigration judge applied the relevant case law appropriately, "the Court must decide whether the [IJ] relied upon proof that—as a matter of law—could not establish" Petitioner's dangerousness or risk of flight. Kharis v. Sessions, No. 18-cv-04800-JST, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2018).

///

**A. Burden of Proof for Dangerousness**

The immigration judge allowed petitioner's counsel to make objections to the evidence submitted by the government at the start of the hearing, the government presented argument, and petitioner's counsel responded to the government's argument. (ECF No. 26 (bond hearing recording); ECF No. 22-1 at 7-8, 11-13).

Within the immigration judge's decision, petitioner identifies four points regarding the dangerous finding: (1) petitioner's failure to "meaningfully" argue factual innocence, (2) the absence of evidence to establish that dismissal of petitioner's pending charge is likely, (3) lack of rehabilitation evidence, and (4) lack of evidence providing context for the allegations. (Id.). Respondents do not directly address these contentions. (ECF No. 25). Rather than place the burden on petitioner, the immigration judge addressed petitioner's response to the government's argument and documents, considering various ways that petitioner did not overcome the government's argument and documents. (See ECF No. 22-1 at 2-5). The immigration judge's decision, which considered petitioner's arrest for battery on a spouse or cohabitant for danger, reflects that "[d]angerousness is a 'fact-intensive' inquiry that requires the 'equities to be weighed.'" Martinez v. Clark, 36 F.4th 1219, 1229 (9th Cir. 2022). A "district court may not second guess the IJ's weighing of the evidence." Quan v. Barr, 2021 WL 308610, at *4. In sum, the immigration judge's decision provided a "reasoned explanation for its actions." Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir. 2005).

For the above reasons, the immigration judge's decision to deny bond on dangerousness was not an abuse of discretion because it was not arbitrary, irrational, and contrary to law. See Bonilla, 840 F.3d at 581; see also Torres Cuero v. Bondi, et al., No. 1:26-cv-01864-DJC-CSK, 2026 WL 1584644 (June 3, 2026) (denying motion to enforce because immigration judge's dangerousness finding and denial of bond was not an abuse of discretion).

**B. Burden of Proof for Flight Risk**

The Court need not address petitioner's remaining arguments regarding flight risk because an immigration judge may deny bond on a finding of either danger or flight risk. See Torres Cuero at *3.

## VI. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED:

1. The motion to enforce (ECF No. 22) be DENIED.
2. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/roja.4175.FRs.2241.imm.moenforce/10